BANK OF HAMPTON *et al. v.* SMITH.

No. 9219.   AUGUST 8, 1933.

*E. L. Reagan* and *Boyd Sloan,* for plaintiffs in error.

*Charles H. Griffin,* contra.

ATKINSON, J. ■ It is declared in the Civil Code, § 4041: "Among the necessary expenses of administration, and to be preferred before all other debts, except as otherwise specially provided, is the provision for the support of the family, to be ascertained as follows: Upon the death of any person testate or intestate, leaving an estate solvent or insolvent, and leaving a widow, or a widow and minor child or children, or minor child or children only, it shall be the duty of the ordinary, on the application of the widow, or the guardian of the child or children, or any other person in their behalf, on notice to the representative of the estate (if there is one, and if none, without notice), to appoint five discreet appraisers; and it shall be the duty of such appraisers, or a majority of them, to set apart and assign to such widow and children, or children only, either in property or money, a sufficiency from the estate for their 'support and maintenance for the space of twelve months from the date of administration, in case there be administration on the estate, to be estimated according to the circumstances and standing of the family previously to the death of the testator or intestate, and keeping in view also the solvency of the estate. If there be a widow, the appraisers shall also set apart, for the use of herself and children, a sufficient amount of the household furniture. The provision set apart for the family shall in no event be less than the sum of one hundred dollars; and if it shall appear upon a just appraisement of the estate that it does not exceed in value the sum of five hundred dollars, it shall be the duty of the appraisers to set apart the whole of said estate for the support and maintenance of such widow and child or children, or, if no surviving widow, to the lawful guardian of the child or children, for their benefit." And in § 4044: "The property so set apart by the appraisers shall vest in the widow and child, or children; and if no widow, in such children, share and share alike; and the same shall not be administered as the estate of the deceased husband or father." Under proper construction, property set apart in pursuance of this law to a widow and child or children of the deceased husband or father represents a part of "the necessary ex-

penses of administration," and "vests in the widow and child or children," and "shall not be administered as the estate of the deceased husband or father." A provision for support of the family set apart under this law shall be "preferred before all other debts, except as otherwise specially provided."

■ In regard to liability of stockholders it is provided in section 1 of article 18 of the banking act approved August 16, 1919 (Ga. L. 1919, pp. 135, 189 et seq) : "A bank incorporated under this act shall be responsible to its creditors to the extent of its capital and its assets; and each stockholder shall be individually liable for all the debts of said bank to the extent of the balance remaining unpaid on his or her shares of stock; and said stockholders shall be further and additionally individually liable, equally and ratably (and not one for another) to depositors of such bank for all moneys deposited therein, in an amount equal to the face value of their respective shares of stock; it being the true intent and purpose of this section, that, as to depositors for all moneys deposited with said bank, there shall be an individual liability upon each stockholder of such bank, over and beyond the par value of his or her original shares of stock equal in amount to the face value of said shares of stock; provided, that said liability of the stockholders shall not prevent depositors from having equal rank with all other creditors upon the capital, property, and assets of said bank." In section 2 of the same article it is provided: "Persons holding stock as executors, administrators, guardians, or trustees shall not be personally subject to any liability as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust fund would be, if living and competent to act and hold the stock in his own name; Provided, that nothing herein contained shall relieve any executor, administrator, guardian, or trustee from individual liability as a stockholder upon any unauthorized subscription for or investment in bank made by such executor, administrator, guardian, or trustee." The act approved August 25, 1927 (Ga. L. 1927, pp. 195, 199), amendatory of the banking act of 1919, supra, declares, in section 19 of article 7: "After the payment of the expenses of liquidation, including compensation of agents and attorneys, and after the payment of unremitted collections, the order of paying off debts due by insolvent banks shall be

as follows: (1) Debts due depositors. (2) Debts due for taxes, State and Federal. (3) Judgments. (4) Contractual obligations. (5) Unliquidated claims for damages and the like. Provided, that nothing herein contained shall affect the validity of any security or lien held by any person or corporation."

. Under proper construction of the foregoing statutes, the liability of stockholders in an insolvent bank to depositors is not specially declared to be a preference over a provision for support of the family of a deceased husband or father, authorized by the Civil Code, § 4041, supra. These statutes (sections one and two of art. 18 of the act of 1919, supra), considered together, contemplate liability of stockholders of insolvent banks to depositors, derived from funds which can only be applied to payment of depositors. The amendatory act of 1927, supra, contemplates preferences as between only general debts owed by such banks. The clause in section 2 of the act of 1919, supra, declaring that "the estates and funds" in the hands of executors, administrators, guardians, and trustees "shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust fund would be, if living and competent to act and hold the stock in his own name," contemplates statutory liability of such property in virtue of the relation as stockholder in the insolvent bank, but does not purport to declare preferences as between debts, or expressly declare that such liability to depositors shall be preferred over a provision for support of the family of a deceased stockholder under § 4041, supra. The foregoing provisions of the banking laws do not expressly or by implication repeal the provision of § 4041, for support of the family as part of the necessary expenses of administration, to be preferred before all other debts except as otherwise specially provided. The ruling in *Mobley* v. *Personius,* 172 *Ga.* 261 (157 S. E. 294), did not involve priority of a year's support under § 4041, and is not a precedent for holding differently than above expressed.

■ Where the judge of the superior court, granted an order allowing the attorney at law for the State superintendent of banks, acting as statutory receiver of an insolvent bank, a stated amount on account of fees for services rendered, and after the death of the attorney the claim for such fees was set apart as a part of a year's support for the widow and the minor child of the deceased, in an

536

action by the widow against the superintendent of banks, to require him to pay the amount of the claim and to enjoin him from applying the same upon a demand against the attorney as a stockholder in a different insolvent bank, based on his statutory liability to depositors of that bank, the petition alleged a right to the amount in question against which the defendant could not set off the statutory liability of the decedent to the depositors of the other bank.

At the interlocutory hearing the judge did not err, on the pleadings and the evidence, in overruling the demurrer to the petition and in granting a temporary injunction.

*Judgment affirmed. All the Justices concur, except Hill, J., absent because of illness.*